UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br>v.<br><br>JOSEPH RUSSEL OAKES,<br><br>　　Defendant. | Case No. 1:18-cr-00385-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Joseph Russel Oakes's Motion for Reconsideration pursuant to Fed. R. Civ. P 60(b). Dkt. 47. Oakes filed a Motion for Compassionate Release ("original motion") on August 16, 2021. Dkt. 37. The United States filed an Objection on October 4, 2021. Dkt. 39. On February 10, 2022, the Court issued an opinion denying Oakes's Motion for Compassionate Release.[1] Dkt. 46. In doing so, the Court noted that Oakes never filed a Reply Motion. *Id.* This was true despite the Court granting Oakes two separate deadline extensions—the second of which gave Oakes until December 30, 2021—to file a reply. Dkts. 41, 44.

Now, Oakes is asking this Court to reconsider its earlier opinion in light of his now filed Reply brief. Dkt. 47. The Court is aware that Oakes mailed his Reply on December 30, 2021. The Court also notes that the Reply apparently arrived at its destination on

---

[1] The Court denied Oakes's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) because he failed to demonstrate any "extraordinary and compelling reason" for his release. Furthermore, he failed to show how a sentence reduction is consistent with the goals of 18 U.S.C. § 3553(a).

January 22, 2022—before the Court's February 10, 2022 decision. However, the tracking history provided by Oakes indicates that he mailed the Motion to the wrong zip code. There is some question as to whether this constitutes excusable neglect under Fed. R. Civ. P 60(b)(1), but the Court need not answer that question because, even considering Oakes's Reply, the Court would not change its original order. Therefore, upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

The Court has already set forth the facts and incorporates them by reference only. *See* Dkt. 46, at 2–3.

## III. LEGAL STANDARD

Oakes asks the Court to reconsider his original motion under Fed. R. Civ. P. (60)(b).[2] The original motion was premised under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[3] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and

---

[2] As noted above, the Court will not consider whether sending mail to the wrong address constitutes excusable neglect. Even in light of the Reply Motion, the Court would still deny Oakes's Motion for Compassionate Release.

[3] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[4] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

### IV. DISCUSSION

As noted in the Courts first order, the Court assumes, without finding, that Oakes has exhausted his administrative remedies. The Court, therefore, incorporates that finding by reference only. *See* Dkt. 46, at 4.

The Court furthermore incorporates its finding that Oakes has failed to show that there are extraordinary and compelling reasons to grant early release under the FSA. *See* Dkt. 46, at 4–10. The Court briefly addresses some points mentioned in Oakes's recently-filed Reply.

Oakes first point of contention is that he suffers from chronic medical conditions—diabetes and high blood pressure—that put him at an increased risk of severe illness or death should he contract Covid-19. Dkt. 48, at 2. The Government contends that Oakes is not at an increased risk because he received two doses of the Covid-19 vaccine. Dkt. 39. Oakes responds by reiterating that the "DOJ issued an advisory that any individual

---

[4] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

asserting an underlying physical condition that made him vulnerable to death or serious disease from Covid-19 would be considered to have established the 'Extraordinary and Compelling Circumstances' required to establish a prima-facia case for Compassionate Release." Dkt. 37, at 4 (citing *Wise v. United States*, 2020 WL 2614816, at *7 (D. Md. May 22, 2020)).

The Court takes note of this. However, the Court is not bound by the District of Maryland nor is it bound by statements issued by the DOJ. However, given that the DOJ has issued this statement, the Court will consider it.

In short, the DOJ "has taken the position that inmates who suffer from a condition identified by the Center for Disease Control and Prevention ("CDC") as putting them at higher risk for severe illness from Covid-19 . . . present an 'extraordinary and compelling reason' to be considered for compassionate release." Letter from Robert K. Hur, United States Attorney, District of Maryland., to Judge Hollander, United States District Court Judge for the District of Maryland. (May 18, 2020) (on file with the Court). The Court is aware that both of Oakes's medical conditions (diabetes and high blood pressure) are listed on the CDC's website as ones that can increase the risk of serious illness and death should he contract Covid-19. Even if the Court were to take the position that this constitutes an extraordinary and compelling reason, the sentencing factors enumerated in 18 U.S.C. § 3553(a) weigh against reducing Oakes's sentence.[5]

Oakes second contention in his Reply is that vaccination alone is not a guarantee

---

[5] The Court discussed this in its order denying Oakes's motion. *See* Dkt. 46, at 10–11.

MEMORANDUM DECISION AND ORDER - 4

that he will not become seriously ill and die from Covid-19. Oakes mentions the BOP facility in Alderson, West Virginia, where he claims—without support—there have been four documented deaths. Dkt. 48, at 3. The Courts own research reveals two deaths. Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Sep. 9, 2022). Whatever the number may be, it does not amount to "a staggering death toll" as Oakes would have the Court to believe.[6]

Oakes continues by outlining the threats posed by the OMICRON variant. The Court is unaware of how this argument proves his point that the vaccine is not an effective method to prevent serious illness or death. No one is disputing the seriousness of Covid-19 and the harm its imposed. The issue is whether it allows for certain inmates to receive a compassionate release under 18 U.S.C. § 3582(c)(1)(A). In the case of Oakes, it does not. *See* Dkt. 46 (detailing why Oakes does not qualify for compassionate release). Allowing Oakes to walk free simply because of the generic danger posed by Covid-19 and its variants would open the door for any inmate to be released.[7]

Finally, Oakes disputes the Government's contention that the rate of deaths in Federal Prisons is lower than the general US population. Dkt. 48, at 6–9. However, as detailed in the Court's first order, there is no evidence to suggest that Oakes would be in

---

[6] Two Covid deaths out of 588 inmates (the number of inmates in Alderson) is approximately a 0.34% death rate. The death rate from Covid in the general population sits at 0.32%. This is far from staggering. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Sep. 9, 2022); Centers for Disease Control and Prevention, *COVID-19 Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last visited Sep. 9, 2022).

[7] The Court is aware that Oakes suffers from diabetes. Dkt. 37. While this may be a basis for compassionate release, as discussed above and in the Court's first order, the sentencing factors under 18 U.S.C. § 3553 lead the Court to deny his request.

MEMORANDUM DECISION AND ORDER - 5

less danger to contract Covid-19 if he were in the general population. Dkt. 46, at 8–9.

In sum, the Court will not alter its previous order. For the reasons thus given, and for those detailed in the Court's first order, Oakes's Motion for Reconsideration is DENIED. His Motion for Compassionate Release remains DENIED.

## V. ORDER

The Court HEREBY ORDERS:

1. Oakes's Motion for Reconsideration (Dkt. 47) is DENIED.

DATED: September 12, 2022

_____
David C. Nye
Chief U.S. District Court Judge