UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00385-DCN |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| JOSEPH RUSSEL OAKES, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Joseph Russel Oakes's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 50. The Government did not file an opposition to Oakes's motion before the response deadline of April 14, 2023. *See* Dkt. 51. The matter is ripe for the Court's consideration.

Having reviewed the record and Oakes's brief, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

This Court has previously denied two motions for compassionate release brought

by Oakes and has set forth the underlying facts of his case in those decisions. *See* Dkts. 46, 49. Additionally, Oakes's arguments in this Motion remain largely the same as his previous motions. *See generally* Dkts. 37, 47, 50. However, for the sake of addressing new arguments presented by Oakes, the Court will restate some facts to provide context.

Oakes pled guilty to one count of unlawful possession of a firearm and was sentenced to 86 months of incarceration with three years of supervised release to follow. Dkt. 33. At this time, Oakes's release is set for February 17, 2025, and he has served over 50 months of his sentence. Dkt. 50, at 2.

Oakes was prosecuted for unlawfully owning firearms in this case because he was previously convicted of a crime punishable by imprisonment for a term exceeding one year—possession of a controlled substance. Dkt. 25, at 3, 9. As a result of his drug offense, Oakes was not allowed to possess any kind of firearm under federal law. On December 12, 2018, Police recovered six firearms from Oakes at a traffic stop. Each of the firearms had been transported in interstate commerce in violation of 18 U.S.C. § 922(g)(1) and three of those firearms were reported stolen. *Id.* at 4.

Oakes now argues that 18 U.S.C. § 922(g)(1) is unconstitutional following the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*. 142 S. Ct. 2111 (2022); Dkt. 50, at 2. Additionally, Oakes claims that he has experienced a serious medical event since his last motion for compassionate release and that such event has put him at increased risk of death, thus warranting an early release. *Id.*, at 6.

## III. LEGAL STANDARD

Oakes seeks compassionate release under the First Step Act ("FSA") which allows

MEMORANDUM DECISION AND ORDER - 2

a court to modify a sentence under certain circumstances. 18 U.S.C. § 3582(c)(1)(A).[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Urias,* 2020 WL 5549149, *2 (D. Id. 2020); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Oakes has failed to demonstrate that he has exhausted his administrative remedies for this new Motion other than stating that 30 days have passed since his supposed request was made to the warden. *See* Dkt. 50, at 3–4. Without documentation to prove that Oakes actually made such a request to the warden, the Court cannot assume that Oakes has exhausted his administrative remedies. This alone warrants dismissal.

Nonetheless, the Court will address the merits of Oakes's arguments for the sake of being thorough.

**B. Extraordinary and Compelling Reasons**

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Oakes bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Here, Oakes raises three separate and distinct arguments in support of his motion for early release. The Court will address each in turn.

*1. U.S.S.G. § 1B1.13*

Oakes first argues that the Court should consider extraordinary and compelling reasons outside of the Sentencing Commission's guidelines described in U.S.S.G. § 1B1.13

because the guidelines are not binding on the Court. Dkt. 50, at 11–12.

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open.

The Ninth Circuit, however, has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a

defendant, but they are not binding." *Id.*

In sum, the Court agrees with Oakes's assertion. The Court should, and does, consider factors presented by defendants (including Oakes) even if they are outside of the suggested reasons provided by the United States Sentencing Commission. Section 1B1.13 is advisory and helpful, but not binding.

And while the Court agrees with Oakes's argument about the breadth of the guidelines, it disagrees that any of the reasons he now raises warrant early release.

### 2. Constitutionality of 18 U.S.C. § 922(g)(1)

Because the Court is not bound by the guidelines in U.S.S.G § 1B1.13, Oakes argues next that the Court is "empowered to consider any extraordinary and compelling reason" made by a defendant (Dkt. 50, at 12), including his argument that 18 U.S.C. § 922(g)(1) is unconstitutional.[3] Oakes's argument is founded on the idea that a recent Supreme Court opinion, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* altered the framework a Court must follow when reviewing challenges to the Second Amendment. In *Bruen*, the Supreme Court held that the government must show that a regulation "is consistent with the Nation's historical tradition of firearm regulation." 142 S. Ct. at 2130. Under this framework, Oakes argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it is "inconsistent with the text and history of the Second Amendment." Dkt. 50, at 2.

The Court recently addressed this very argument. In a pending criminal case, the defendant raised the same constitutional challenge against 18 U.S.C. § 922(g)(1) that Oakes

---

[3] 18 U.S.C. § 922(g)(1) provides that it "shall be unlawful for any person [] who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.

raises today. The Court held a hearing and issued a decision. *See generally United States v. Villalobos,* 2023 WL 3044770 (D. Idaho Apr. 21, 2023).

The Court's conclusion from that 28-page decision succinctly covers all of Oakes's relevant constitutional arguments:

> The arguments presented today have been tried and rejected. Though *Bruen* changed the way Courts evaluate Second Amendment Challenges, it did not alter the law so drastically as to undo prior decisions that rested on the same history being challenged today. Said another way, the history has not changed. The format in which it will be presented to the Court moving forward may look different, but the history itself—and the resulting analysis—is still sound. The Court does not find that Villalobos is part of "The People." But whether he is part of the people or not, § 922(g)(1) remains valid.

> The Court is bound by the Ninth Circuit's holding in *Vongxay*. What's more, the Court supports the analysis and findings therein. This Nation may not have had a history of restricting "felons" until the 1900's, but as explained in *Vongxay*, it most assuredly has a history—dating back to the founding—of restricting gun rights to "law-abiding" citizens. *See also*, *Medina*, 913 F.3d at 159 (explaining that "at least four circuits have endorsed the view that most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens'") (citing *United States v. Yancey*, 621 F.3d 681, 684–85 (7th Cir. 2010); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010); *Binderup v. Attorney General*, 836 F.3d 336, 348 (3d Cir. 2016); *United States v. Carpio-Leon*, 701 F.3d 974, 979 (4th Cir. 2012)).

> The Court agrees that "the *Bruen* Decision, although ground-breaking, has not altered the historic tradition or constitutionality of denying Second Amendment protection to convicted felons." *United States v. Young*, 2022 WL 16829260, at *11 (W.D. Pa. Nov. 7, 2022).

*Id*. at *13. In short, *Bruen* does not require the Court re-visit its prior holdings about the constitutionality of § 922(g)(1). Even if it did, the Court (like every other court to consider the matter) would continue to uphold the regulation.

MEMORANDUM DECISION AND ORDER - 7

Because the Court has recently, and thoroughly, disposed of Oakes's constitutional argument, it will not reiterate that analysis here. Suffice it to say, his argument fails.

### 3. Medical Issues and COVID-19

Third and finally, Oakes asserts his medical conditions present an extraordinary reason warranting release. He presents nearly identical medical arguments in this Motion as his previous motions for compassionate release, which this Court denied. *See* Dkts. 46, 49. The Court incorporates those prior decisions and the relevant analysis in its decision today. *Id.*

In the present Motion, Oakes claims that a serious medical event related to his heart occurred after his first motion for compassionate release was filed and decided, which has since put him at heightened risk of death, especially when coupled with the COVID-19 pandemic. Dkt. 50 at 6–7. Oakes has failed, however, to provide any official medical records indicating such an event actually occurred or that illustrate the BOP is unable to adequately treat him. Thus, this Court continues to find that Oakes's medical conditions are not sufficiently extraordinary or compelling to warrant compassionate release.

### C. 18 U.S.C. § 3553(a) Factors

Finally, Oakes argues that the 18 U.S.C. § 3553(a) factors support his release at this time.[4] Dkt. 50, at 13–14. The Court disagrees. Oakes has failed to demonstrate how release

---

[4] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

   (2) the need for the sentence imposed—

reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. As noted, Oakes was in possession of not one, but six firearms—including three firearms that were reported stolen after a burglary—when arrested. There is no indication that he intended to discontinue his illegal behavior without police intervention. Moreover, he has a lengthy criminal history that spans nearly four decades. Despite multiple prison sentences, Oakes has continued to recidivate. The Court believes that the public is currently best protected by Oakes's continued incarceration. As such, all four factors set forth in U.S.C. § 3553(a)(2) weigh against releasing Oakes early.

## V. CONCLUSION

In sum, the Court finds that Oakes failed to exhaust his administrative remedies, failed to demonstrate an "extraordinary and compelling reason" for his release, and failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Oakes at this time. Accordingly, the Court must DENY Oakes's motion.

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 9

## VI. ORDER

The Court HEREBY ORDERS:

1.   Oakes's Motion for Compassionate Release (Dkt. 50) is DENIED.

DATED: June 22, 2023

David C. Nye
Chief U.S. District Court Judge